UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FELIX M. GIL,

    Plaintiff,

v.                                            CASE NO. 6:06-cv-344-Orl-19KRS

DENIS DOWD, et al.,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, a prisoner proceeding *pro se*, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 1). Because Plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. The Prison Litigation Reform Act of 1995 (the "Act") requires judicial review of certain civil suits brought by prisoners, stating in relevant part:

    (b)    Grounds for Dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

            (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

            (2)    seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. Section 1915A(b) (1996); Prisoner Litigation Reform Act of 1995, Section 805(a).[1]
Pursuant to the Act, the Courts are obligated to screen prisoners' civil rights complaints as soon as practicable and to dismiss those which are frivolous or fail to state a claim for relief. *Cuoco v. Spears*, 1996 WL 284948 (S.D.N.Y. 1996).

In addition, 28 U.S.C. Section 1915(e)[2] directs the court to dismiss actions which are frivolous or malicious. 28 U.S.C. Section 1915(e). A complaint is frivolous if it is without arguable merit either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Cofield v. Alabama Public Service Com'n*, 936 F.2d 512 (11th Cir. 1991), *Prather v. Norman*, 901 F.2d 915 (11th Cir. 1990). Additionally, the Court must read the plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).

Plaintiff alleges that on February 13, 2006, he notified the medical department at the Osceola County jail that he could not access the courts via the law library because he needed reading glasses to read documents. He requested a pair of reading glasses from the medical department, but his request was denied. Plaintiff then filed a grievance addressed to Defendant Pierre, the jail medical director. After receiving no response from Defendant Pierre, Plaintiff submitted an appeal of the grievance to Defendant Dowd,

---

[1] The Act implemented these changes in an effort to reduce meritless prisoner litigation. *Green v. Nottingham*, 1996 WL 384762 (10th Cir. 1996); H.R. Rep. No. 104-378, 104th Cong., 1st Sess. 166.

[2] The Act amended 28 U.S.C. Section 1915, *inter alia*, redesignating Section 1915(d) as Section 1915(e). Prisoner Litigation Reform Act of 1995, Section 804.

Defendant Pierre's direct superior.  Plaintiff contends that the failure to provide him with reading glasses violates his constitutional right to access the courts.  He seeks injunctive and declaratory relief.

Prisoners have a constitutional right of access to courts guaranteed by the Fourteenth Amendment.  *Bounds v. Smith*, 430 U.S. 817, 821 (1977).  There is a two-step analysis to determine whether a right of access claim has merit: 1) the Court must decide whether the plaintiff alleges a denial of an adequate law library or adequate legal assistance; and 2) if the claim does not involve either of those two "core requirements," the Court must determine whether the plaintiff has an alleged an actual injury to court access. *Vandelft v. Moses*, 31 F.3d. 794, 796 (9th Cir. 1994), *cert. denied*, 516 U.S. 825 (1995).  An actual harm is established by an inmate showing that a direct appeal of his conviction, a habeas petition, or a civil rights action vindicating a basic constitutional right was frustrated or impeded and that such action was nonfrivolous.  *Lewis v. Casey*, 518 U.S. 343, 353-54 (1996).

In the present case, Plaintiff's claim does not involve either of the two core requirements.  Rather, Plaintiff alleges a denial of access to the prison law library by virtue of the failure to provide him with reading glasses.  Consequently, Plaintiff must demonstrate that 1) the access was so limited as to be unreasonable, and 2) an actual injury. *Stewart v. Block*, 938 F. Supp. 582, 586 (C.D. Cal. 1996).  Even assuming that Plaintiff's access was so limited as to be unreasonable, Plaintiff has wholly failed to specify any injury resulting from the alleged denial of his access to the prison law library. In the absence of "some specific injury arising from the alleged unreasonable denial of access to the law

library, plaintiff cannot prevail." *Stewart*, 938 F. Supp. at 586. Thus, this case must be dismissed for failure to state a claim.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. This case is **DISMISSED**.

2. Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is **DENIED.**

3. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** at Orlando, Florida this __2nd__ day of July, 2006.

*Patricia C. Fawsett*

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies to:
sa 7/3
Felix M. Gil

4